IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOVAN SIMON | : | CIVIL ACTION |
|     Petitioner | : | |
|   v. | : | |
| | : | |
| MICHAEL WENEROWICZ, et al. | : | |
|     Respondents | : | No. 09-4336 |

**MEMORANDUM AND ORDER**

AND NOW, this 16th day of August, 2011, upon consideration of the Petition for Writ of Habeas Corpus, the court makes the following findings and conclusions:

1.    On August 31, 2010, Petitioner filed a pro se petition for a federal writ of habeas corpus challenging his incarceration for possession with intent to deliver a controlled substance. In his petition, Petitioner claims that: (1) the evidence was insufficient to support his conviction for possession with intent to deliver a controlled substance and (2) the prosecutor engaged in prosecutorial misconduct when he elicited testimony about prior criminal conduct.

2.    On the same date as the filing of the instant habeas petition, Petitioner filed a timely pro se petition in the state court under the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, et seq., proclaiming his innocence and presenting a layered claim of ineffective assistance of counsel for failure to investigate the owner of the residence where the relevant drugs were found.[1] On August 3, 2011, the Philadelphia District Attorney confirmed that Petitioner's PCRA petition is still pending in PCRA court.

3.    The claims presented in the instant habeas petition were fully exhausted in the state court on direct appeal and are ripe for federal habeas review. See 28 U.S.C.A. § 2254(b)(1); see also Commonwealth v. Simon, No. 2567 EDA 2007 (Pa. Super. March 3, 2009) (unpublished memorandum); Commonwealth v. Simon, No. 138 EAL 2009 (Pa. Sept. 22, 2009). Therefore, if Petitioner wishes to proceed with his habeas petition as filed, this court will proceed to review the merits of those claims.

4.    In proceeding with his case as filed, Petitioner is advised that he risks losing his chance to obtain federal review of his pending PCRA claims because state prisoners

---

[1] These claims are not included in Petitioner's habeas petition.

are barred from attacking their convictions through second or successive petitions except in very limited circumstances. See 28 U.S.C.A. § 2244(b); Burton v. Stewart, 549 U.S. 147, 152-154 (2007).

     5.     If Petitioner chooses to amend his habeas petition to include his pending PCRA claims, inclusion of those claims will render his petition ineligible for federal review at this time because the state courts have not been given "a full and fair opportunity" to resolve the claims presented in Petitioner's PCRA petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Rose v. Lundy, 455 U.S. 509 (1982) (the inclusion of any unexhausted federal constitutional claim in a habeas petition bars review of the entire petition). Petitioner's habeas petition would be dismissed without prejudice pending exhaustion of his state court remedies. Petitioner would be free to refile an all-inclusive habeas petition when his pending PCRA petition is resolved.[2]

Accordingly, it is hereby **ORDERED** that Petitioner shall advise this court within **30 DAYS, or before September 15, 2011,** if he wishes to proceed with his habeas petition as filed, or if he would like the instant petition dismissed without prejudice while he exhausts his state court remedies.[3]

                                           /s/ J. William Ditter, Jr.
                                           J. WILLIAM DITTER, JR., Sr. J.

---

[2]Section 2254 confers jurisdiction on United States District Courts to entertain petitions for habeas corpus relief only from persons who are "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Supreme Court has interpreted § 2254 as mandating that the petitioner be "in custody" pursuant to the conviction or sentence he seeks to attack at the time his petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). A defendant is not "in custody" under 28 U.S.C. § 2254 if the challenged sentence has fully expired. See Maleng v. Cook, 490 U.S. 488 (1989). I note that in January 2004, Petitioner was sentenced to a term of 4 to 8 years of imprisonment. Petitioner filed the instant habeas petition while "in custody;" however, if I were to dismiss the petition without prejudice while he exhausts his state court remedies, any future petition must be filed before Petitioner's sentence expires. Otherwise, Petitioner will have no recourse in federal court.

[3]Dismissal of the petition without prejudice does not toll nor waive the federal statute of limitations. See 28 U.S.C. § 2244(d)(1). If Petitioner were to refile a habeas petition and the court finds that the federal statute of limitations has run, his petition may be dismissed on those grounds.